# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYNDALE HOUSE PUBLISHERS, INC., a Delaware Corporation; MARK D. TAYLOR;<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States Department of Health and Human Services; HILDA SOLIS, in her official capacity as Secretary of the United States Department of Labor; TIMOTHY GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF LABOR; and UNITED STATES DEPARTMENT OF THE TREASURY;<br><br>　　　　　　　Defendants. | Civil Action No.<br>　1:12-CV-1635-RBW |

## RESPONSE IN OPPOSITION TO EMERGENCY MOTION
## FOR EXTENSION OF TIME

Plaintiffs Tyndale House Publishers, Inc. and Mark D. Taylor (hereinafter "Tyndale") file this response in opposition to the government Defendants' emergency motion for extension of time including the October 16, 2012 hearing date set by this Court to consider Tyndale's motion for preliminary injunction.

Undersigned counsel for Tyndale indicated to counsel for the government Mr. Berwick that Tyndale would consent to continuance of the preliminary injunction proceedings, if the government would consent to an order granting Tyndale temporary relief from its Mandate

1

pending consideration of the injunction motion. Counsel for the government stated that Defendants would not likely agree to temporary relief from their newly imposed Mandate so as to give the Court more time to consider the injunction motion, and that if they refused to so consent, they would file an opposed motion to continue.

This Court's rules provide for prompt resolution of motions for preliminary injunction. LCvR 65.1(c) & (d). Tyndale is prepared to appear as ordered on October 16, 2012.

As explained in Tyndale's injunction papers, its need for relief is urgent. This Mandate went into effect nationally on August 1, 2012, has been subject to variations and political changes even afterwards, and impacts Tyndale starting October 1, 2012. As indicated by the government's posture in this case, Defendants are intent on immediately imposing their new Mandate and its massive penalties on Tyndale without even a temporary delay long enough to consider Tyndale's motion. Tyndale's harm is imminent and irreparable, and would be exacerbated by delay. Tyndale brought suit against the Mandate as soon as was practically possible. The government, for its part, decided to impose a national Mandate violating religious freedom for thousands of employers. If it also chose not to devote sufficient legal resources to respond to the breadth of litigation that it was told would follow, that lack of preparation should not prejudice injured parties such as Tyndale.[1]

---

[1] In most other cases against the Mandate, including by for-profit entities, the government has argued that if the Mandate does not apply to a plaintiff presently, injury is not imminent (or the case might not even be ripe). *See, e.g.,* Defendants' Amended Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction at 57, *Newland v. Sebelius*, No. 1:12-cv-01123-JLK, Doc. # 26 (D. Colo. filed July 13, 2012) ("Here, plaintiffs have failed to establish any actual or imminent statutory or constitutional injury resulting from the preventive services coverage regulations. Plaintiffs do not dispute that the challenged regulations will not apply to Hercules Industries until November 2012. . . . Plaintiffs therefore have not met their burden to establish imminent irreparable harm."). So it is ironic for the government to claim here that a

Counsel for Defendants asserts that they were not served with the complaint until October 11 (which is how long service took after being promulgated promptly after the complaint was filed).  But undersigned counsel for Tyndale spoke personally with Mr. Berwick's co-counsel Mr. Ethan Davis on Friday October 5, 2012, informing him of the complaint and case number, and of the forthcoming injunction motion.  Mr. Davis indicated he had already heard of the case, and indicated that on behalf of Defendants he opposed the injunction motion.  Undersigned counsel then provided Mr. Davis with an electronic copy of the complaint on October 8, 2012, an electronic copy of the injunction motion as soon as it was filed, and personal paper copies Tuesday morning October 9, 2012 (Monday, October 8, 2012 was a federal holiday).  Defendants' Counsel therefore received as much notice of their need to devote resources to this case as they could have been provided.  Tyndale will be prejudiced by a continuance and therefore opposes Defendants' motion.

If consideration of the preliminary injunction motion may be delayed, Tyndale respectfully asks the Court to convert its preliminary injunction request into an Application for Temporary Restraining Order under LCvR 65.1(a) *and* Motion for Preliminary Injunction under LCvR 65.1(c).  See *Estate of Coll-Monge v. Inner Peace Movement*, 524 F.3d 1341, 1349 (D.C. Cir. 2008) (reciting same factors for TRO as for preliminary injunction).  Pursuant to the discussions between counsel referenced above, the government opposes Tyndale's desire for temporary relief from its Mandate.  Thus if the government's continuance request may be granted, Tyndale urges the Court to grant it a Temporary Restraining Order, over the

---

complaint filed only *one day* after the Mandate applied to Tyndale has been delayed too long.  It is not apparent that the government would consider any timeframe appropriate.

government's opposition, pending resolution of Tyndale's Motion for Preliminary Injunction that could be heard on a schedule more preferable to the government.

Respectfully submitted this 11th day of October, 2012.

*Attorneys for Plaintiffs*:

  *s/ Matthew S. Bowman*

| | |
|---|---|
| David A. Cortman, Esq. | Steven H. Aden, Esq. |
| ALLIANCE DEFENDING FREEDOM | Gregory S. Baylor, Esq. |
| 1000 Hurricane Shoals Road NE | Matthew S. Bowman, Esq. |
| Suite D-1100 |   (D.C. Bar # 993261) |
| Lawrenceville, GA 30043 | ALLIANCE DEFENDING FREEDOM |
| (770) 339-0774 | 801 G Street NW, Suite 509 |
| (770) 339-6744 (facsimile) | Washington, DC 20001 |
| dcortman@alliancedefendingfreedom.org | (202) 393-8690 |
| | (202) 237-3622 (facsimile) |
| Kevin H. Theriot, Esq. | saden@alliancedefendingfreedom.org |
| Erik W. Stanley, Esq. | gbaylor@alliancedefendingfreedom.org |
| ALLIANCE DEFENDING FREEDOM | mbowman@alliancedefendingfreedom.org |
| 15192 Rosewood | |
| Leawood, KS 66224 | |
| (913) 685-8000 | |
| (913) 685-8001 (facsimile) | |
| ktheriot@alliancedefendingfreedom.org | |
| estanley@alliancedefendingfreedom.org | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Court's ECF system on October 11, 2012, and was thereby electronically served on counsel for Defendants who have appeared in the case, including:

Benjamin L. Berwick
U.S. Department of Justice
Civil Division Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6118
Washington, D.C. 20001
(202) 514-9242
Benjamin.L.Berwick@usdoj.gov

*s/ Matthew S. Bowman*_____
Matthew S. Bowman