**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                              )
TYNDALE HOUSE PUBLISHERS, INC.,      )
et al.,                                                        )
                                                              )
                        Plaintiffs,                    )
                                                              )
            v.                                             )          Civil Action No. 12-1635 (RBW)
                                                              )
SYLVIA M. BURWELL, SECRETARY       )
OF THE UNITED STATES                      )
DEPARTMENT OF HEALTH AND            )
HUMAN SERVICES, et al.,                     )
                                                              )
                        Defendants.                   )
_____)

## ORDER

This civil matter is currently before the Court on the parties' cross-motions for summary

judgment.[1]  See March 6, 2015 Joint Status Report at 1, ECF No. 50 ("J. Report I").  "The

parties agree that summary and final judgment should be entered in favor of [the] [p]laintiffs on

their Religious Freedom Restoration Act [("RFRA")] claim, a permanent injunction should be

entered for [the] [p]laintiffs, and the deadlines for any petition from [the] [p]laintiffs seeking

attorneys' fees and costs should be extended to [forty-five] days after judgment is entered."  Id.

However, "[t]he parties disagree on the language[,] [and thus the scope] of the permanent

injunction" that the Court should enter.  Id.  Earlier in this case, the Court entered a preliminary

injunction in favor of the plaintiffs, which reads as follows:

---

[1]  For purposes of this Order, the Court need not recount every detail that led to the filing of the parties' cross-motions for summary judgment.  Suffice it to say that this is a case "challeng[ing] the application of the regulations and penalties relating to an employer's obligation to cover contraceptives under an employer health plan pursuant to the Patient Protection and Affordable Care Act [("contraceptive coverage mandate")] . . . as violating the Religious Freedom Restoration Act . . . ."  Tyndale House Publishers, Inc. v. Sebelius, 904 F. Supp. 2d 106, 109 (D.D.C. 2012) (Walton, J.) (citations and footnote omitted).

> **ORDERED** that the defendants, their agents, officers, and employees are **ENJOINED** from pursuing any enforcement actions against or imposing any penalties on the plaintiffs provided for in 26 U.S.C. §§ 4980D, 4980H and 29 U.S.C. § 1132 as a result of the plaintiffs' failure to comply with the requirement under 42 U.S.C. § 300gg-13(a)(4) that the plaintiffs provide in Tyndale House Publishers, Inc.'s employee health plans what they believe to be abortifacients or related education and counseling.

November 16, 2012 Order at 1, ECF No. 26.  And according to the plaintiffs, "[t]he permanent injunction should be the same except with the addition of the word 'permanently' before the word 'ENJOINED.'"  J. Report I at 2.

On the other hand, the defendants propose, in pertinent part, the following language for a permanent injunction:

> **ORDERED** that defendants, their employees, agents, and successors in office are enjoined
>
> (a)  from enforcing
>
>> (1) the "June 30, 2014 Contraceptive Coverage Requirement," defined here to include those provisions of federal law in existence on June 30, 2014, when the Supreme Court decided [Burwell v. Hobby Lobby Stores, _ U.S. _, 134 S. Ct. 2751 (2014)], that require plaintiff Tyndale House Publishers, Inc. to provide its employees with health coverage for contraceptive methods, sterilization procedures, and related patient education and counseling to which plaintiffs object on religious grounds, e.g., 26 C.F.R. § 54.9815-2713(a)(1)(iv); 29 C.F.R. § 2590.715-2713(a)(1)(iv); 45 C.F.R. § 147.130(a)(1)(iv); and
>
>> (2) any penalties, fines, or assessments for noncompliance with the June 30, 2014 Contraceptive Coverage Requirement, including those found in 26 U.S.C. § 4980D and 29 U.S.C. §§ 1132 and 1185d; and
>
> (b) from taking any other actions based on noncompliance with the June 30, 2014 Contraceptive Coverage Requirement
>
> against plaintiff Tyndale House Publishers, Inc., its employee health plan(s), the group health coverage provided in connection with such plan(s), and/or Tyndale House Publishers, Inc.'s health insurance issuers and/or third-party administrators with respect to Tyndale House Publishers, Inc.'s health plan(s); . . .
>
> **ORDERED** that nothing herein prevents defendants, their employees, agents, and successors in office from enforcing the contraceptive coverage requirement against

plaintiff Tyndale House Publishers, Inc., its employee health plan(s), the group health coverage provided in connection with such plan(s), and/or Tyndale House Publishers, Inc.'s health insurance issuers and/or third-party administrators with respect to Tyndale House Publishers, Inc.'s health plan(s), if religious accommodations to the contraceptive coverage requirement are made available to for-profit entities; . . .

**ORDERED** that nothing herein prevents plaintiffs from filing a new civil action to challenge any such future religious accommodations . . . .

Id. at 12-14.  Upon careful consideration of the parties' submissions,[2] the Court concludes that it will adopt the defendants' proposed language for a permanent injunction.

"Every order granting an injunction" must: (1) state the reasons why it issued; (2) state its specific terms; and (3) "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  Fed. R. Civ. P. 65(d)(1)(A)-(C).  "Injunctive relief granted to a party in a lawsuit must be framed to remedy the harm claimed by the party."  Aviation Consumer Action Project v. Washburn, 535 F.2d 101, 108 (D.C. Cir. 1976).  Thus, "[a]n injunction must be narrowly tailored to remedy the specific harm shown," id., and should be "no broader than necessary to achieve its desired goals," Madsen v. Women's Health Ctr., Inc., 512 U.S. 753, 765 (1994).  The breadth of the injunction must depend upon the circumstances of the particular case, "the purpose being to prevent violations, the threat of which in the future is indicated because of their similarity or relation to those unlawful acts which [have been] . . . found to have been committed . . . in the past."  NLRB v. Express Publ'g Co., 312 U.S. 436, 436-37 (1941).  "[I]njunctive relief should be no more burdensome to the defendant[s] than necessary to provide complete relief to the plaintiffs."  Califano v. Yamasaki, 442 U.S. 682, 702 (1979).

---

[2]  In addition to the Joint Status Report, the Court considered the following submissions: (1) the Notice of Supplemental Authority ("Supp'l Authority Notice"); and (2) the Response to the Plaintiffs' Notice of Supplemental Authority ("Resp. to Supp'l Authority Notice").

Here, the plaintiffs seek an unnecessarily broad injunction.  Particularly relevant to the parties' dispute is Burwell v. Hobby Lobby Stores, Inc., _ U.S. _, 134 S. Ct. 2751 (2014).  In Hobby Lobby, the Supreme Court held that "regulations promulgated" by the United States Department of Health and Human Services ("DHHS"), _ U.S. at_, 134 S. Ct. at 2762 (emphasis added)—the very ones at issue in this case—"demand[ing] that . . . closely held corporations provide health-insurance coverage for methods of contraception that violate the sincerely held religious beliefs of the companies" violated RFRA because the statute "prohibits the [f]ederal [g]overnment from taking any action that substantially burdens the exercise of religion unless that action constitutes the least restrictive means of serving a compelling government interest." _ id. at_, 134 S. Ct. at 2759.  Because Hobby Lobby addressed no other DHHS regulations, let alone a regulation that has yet to be promulgated by the DHHS, an order enjoining activity beyond what the Supreme Court addressed and struck down is improper.  See Aviation Consumer Action Project, 535 F.2d at 108.  The Court agrees with the defendants, see J. Report I at 5-6, 9, that the breadth of the plaintiffs' proposed injunction would conceivably enjoin regulations that could pass muster under the RFRA, Hobby Lobby, _ U.S. at _, 134 S. Ct. at 2781-82 ("[The] [D]HHS itself has demonstrated that it has at its disposal an approach that is less restrictive than requiring employers to fund contraceptive methods that violate their religious beliefs.  As we explained above, [D]HHS has already established an accommodation for nonprofit organizations with religious objections.  Under that accommodation, the organization can self-certify that it opposes providing coverage for particular contraceptive services.  If the organization makes such a certification, the organization's insurance issuer or third-party administrator must expressly exclude contraceptive coverage from the group health insurance coverage provided in connection with the group health plan and provide separate payments for any contraceptive services required to be covered without imposing any cost-sharing

requirements on the eligible organization, the group health plan, or plan participants or beneficiaries." (alterations, citations, ellipses, and internal quotation marks omitted)); see also J. Report I at 8 ("In response [to Hobby Lobby], the defendant[s] . . . have proposed regulations that would provide regulatory accommodations to certain closely held for-profit entities that have a religious objection to providing coverage for some or all contraceptive services otherwise required to be covered.").

Another member of this Court was recently confronted with a nearly identical situation, as the one currently pending before this Court.  In Johnson Welded Prods., Inc. v. Burwell, the plaintiffs filed suit against the government, "challeng[ing] the contraceptive . . . [coverage] mandate as a violation of their rights protected by the [RFRA]."  Joint Status Report at 3, Johnson Welded Prods., Inc. v. Burwell, No. 13-cv-609(ESH) (D.D.C. Oct. 8, 2014), ECF No. 7 ("J. Report II").  After the Supreme Court decided Hobby Lobby, the parties "agree[d] that judgment should be entered in favor of [the] [p]laintiffs on . . . [their RFRA claim and that] a permanent injunction should be entered . . . ."  Id. at 1.  But, like here, "the parties dispute[d] the nature and scope of the injunction that should issue . . . ."  Id.  The plaintiffs in Johnson Welded proposed that the Court enter a permanent injunction similar to the one that the plaintiffs in this case have proposed.  See J. Report II at 8-9.  But the Court ultimately rejected the Johnson Welded plaintiffs' proposal in favor of the government's proposal for a permanent injunction. See Order and Judgment, Johnson Welded Prods., Inc. v. Burwell, No. 13-cv-609(ESH) (D.D.C. Oct. 24, 2011), ECF No. 11; Johnson Welded Prods., Inc. v. Burwell, No. 13-cv-609(ESH), 2014 WL 5395775, at *1 (D.D.C. Oct. 24, 2014); see also Order and Judgment at 1-2, Midwest Fastener Corp. v. Burwell, No. 13-cv-1337(ESH) (D.D.C. Oct. 24, 2014), ECF No. 21 (entering permanent injunction consistent with what the defendants in this case have proposed over plaintiffs' objections); Joint Status Report at 1-4, Midwest Fastener Corp. v. Burwell, No. 13-cv-

1337(ESH) (D.D.C. Oct. 7, 2014), ECF No. 18 (plaintiffs objecting to government's proposed language for permanent injunction on analogous grounds as the plaintiffs in this case). The Court sees no reason to depart from the permanent injunction ordered in Johnson Welded. Indeed, the Court in another contraceptive coverage mandate matter before it, has already entered a permanent injunction that contains the language suggested by the defendants. Permanent Injunction and Judgment at 1-2, C.W. Zumbiel Co. v. U.S. Dep't of Health & Human Servs., No. 13-cv-1611(RBW) (D.D.C. Nov. 3, 2014), ECF No. 19.

The plaintiffs acknowledge that other members of this Court "have entered final injunctions using the new language the government proposes." J. Report I at 2; see also Injunction and Judgment at 1-2, Barron Indus., Inc. v. Burwell, No. 13-cv-1330(KBJ) (D.D.C. Oct. 27, 2014), ECF No. 10 (entering permanent injunction akin to what the defendants have proposed in this case); Order at 1-3, Gilardi v. U.S. Dep't of Health & Human Servs., No. 13-cv-104(EGS) (D.D.C. Oct. 20, 2014), ECF No. 49 (same). But they implore the Court to not follow its colleagues' lead, noting that those injunctions were entered in circumstances where the parties "consent[ed]" to the language. J. Report I at 2. The Court is not convinced that this procedural distinction calls for a different result. Although parties may consent to the scope of an injunction, it is ultimately the Court's responsibility to review the proposed injunction to ensure that it complies with all legal authority. In other words, courts can reject proposed injunctions, despite the consent of the parties. See, e.g., eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) ("The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court . . . ."). Moreover, in the absence of consent, it remains the obligation of the Court to issue injunctions that conform to the law. See, e.g., id.

Accordingly,[3] it is hereby

**ORDERED** that defendants, their employees, agents, and successors in office are

**ENJOINED**

(a) from enforcing

(1)     the "June 30, 2014 Contraceptive Coverage Requirement," defined here to

include those provisions of federal law in existence on June 30, 2014,

when the Supreme Court decided [Burwell v. Hobby Lobby Stores, _ U.S.

_, 134 S. Ct. 2751 (2014)], that require plaintiff Tyndale House

Publishers, Inc. to provide its employees with health coverage for

contraceptive methods, sterilization procedures, and related patient

---

[3]  The plaintiffs' argument that the defendants have forfeited their right to object to the plaintiffs' proposal, see J. Report I at 2 ("The permanent injunction should be the same [as the preliminary injunction] except with the addition of the word 'permanently' before the word 'ENJOINED.'  [But] [t]he government . . . asks this Court to enter a new and different injunction. . . . [P]rocedurally, the government has no legal ground on which to oppose entry of the existing injunction language."), is unsupported by precedent, cf. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 32-33 (2008) (noting that "it would be an abuse of discretion to enter a permanent injunction . . . along the same lines as the preliminary injunction" where the permanent injunction would enjoin activity for which there was "no basis" to do so); Sole v. Wyner, 551 U.S. 74, 84 (2007) (noting the "tentative character" of a preliminary injunction, which "ha[s] no preclusive effect in the continuing litigation"); Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.  Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.  A party thus is not required to prove his case in full at a preliminary-injunction hearing.  In light of these considerations, it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." (citations omitted)); Natural Res. Def. Council v. Pena, 147 F.3d 1012, 1023 (D.C. Cir. 1998) (noting "the provisional nature of preliminary injunctive relief").

Moreover, the Court finds the plaintiffs' reliance on Newland v. Burwell, _ F. Supp. 3d _, _, 2015 WL 1730667, at *1 (D. Colo. Mar. 16, 2015), unpersuasive.  Supp'l Authority Notice at 1.  There, the Court entered a permanent injunction in a contraceptive coverage mandate case, knowing that if the government promulgated a regulation that complied with RFRA, it would have to "seek to modify or dissolve the injunction entered in th[e] case," i.e., the government would bear "the burden of justifying modification or dissolution" of the permanent injunction.  Newland, _ F. Supp. 3d at _, 2015 WL 1730667, at *5.  But agency regulations "are of course normally presumed valid unless shown to be inconsistent with the statute they implement . . . ."  Grubbs v. Butz, 514 F.2d 1323, 1330 (D.C. Cir. 1975) (emphasis added); cf. Gulf Oil Corp. v. Brock, 778 F.2d 834, 842-43 (D.C. Cir. 1985) (injunction overbroad where it prohibited disclosure not only of plan in question but also of all "substantially similar" documents); id. at 843 ("It makes little sense to rest a judgment on prospective relief on decisions made several years ago under very different circumstances." (alteration omitted)).  The permanent injunction in Newland is at odds with the presumption normally accorded to agency regulations.

education and counseling to which plaintiffs object on religious grounds,

e.g., 26 C.F.R. § 54.9815-2713(a)(1)(iv); 29 C.F.R. § 2590.715-

2713(a)(1)(iv); 45 C.F.R. § 147.130(a)(1)(iv); and

(2)       any penalties, fines, or assessments for noncompliance with the June 30,

2014 Contraceptive Coverage Requirement, including those found in 26

U.S.C. § 4980D and 29 U.S.C. §§ 1132 and 1185d; and

(b) from taking any other actions based on noncompliance with the June 30, 2014

Contraceptive Coverage Requirement against plaintiff Tyndale House Publishers, Inc., its

employee health plan(s), the group health coverage provided in connection with such plan(s),

and/or Tyndale House Publishers, Inc.'s health insurance issuers and/or third-party

administrators with respect to Tyndale House Publishers, Inc.'s health plan(s).  It is further

**ORDERED** that judgment is entered in favor of plaintiffs and against defendants on

plaintiffs' claim under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb et seq.  It is

further

**ORDERED** that nothing herein prevents defendants, their employees, agents, and

successors in office from enforcing the contraceptive coverage requirement against plaintiff

Tyndale House Publishers, Inc., its employee health plan(s), the group health coverage provided

in connection with such plan(s), and/or Tyndale House Publishers, Inc.'s health insurance issuers

and/or third-party administrators with respect to Tyndale House Publishers, Inc.'s health plan(s),

if religious accommodations to the contraceptive coverage requirement are made available to for-

profit entities.  It is further

**ORDERED** that nothing herein prevents plaintiffs from filing a new civil action to

challenge any such future religious accommodations.  It is further

**ORDERED** that any petition by plaintiffs for attorneys' fees or costs shall be submitted on or before forty-five (45) days (or the next business day if that day falls on a weekend or court holiday) from the date this judgment is issued.

**SO ORDERED** this 15th day of July, 2015.

REGGIE B. WALTON
United States District Judge